No. 737          August 5, 2026          45

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ONA KAY ROBERTSON,
*Defendant-Appellant.*

Marion County Circuit Court
24CR24384, 24CR21686, 24CR30016, 24CR24377,
24CR24382;  A186714 (Control), A186713, A186715,
A186716, A186717

Amy M. Queen, Judge.

Submitted June 12, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Kyle Krohn, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Paul L. Smith, Solicitor General, and Kyleigh Gray, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

LAGESEN, C. J.

Reversed and remanded for entry of amended judgments; otherwise affirmed.

_____
    * Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**LAGESEN, C. J.**

In this consolidated appeal, defendant appeals five judgments of conviction for various offenses. We remand for entry of amended judgments and otherwise affirm.

In his only assignment of error, defendant contends that, in each of the judgments, the trial court "erred in ordering that it could impose additional assessments without further notice to defendant and without further court order." Specifically, defendant contends that the trial court erred by including a provision in the judgments providing that "[t]he court may increase the total amount owed by adding collection fees and other assessments" and stating that those "fees and assessments may be added without further notice to the defendant and without further court order." Defendant acknowledges that the portion of the judgments that that authorize "collection fees" is permitted by ORS 1.202, but asserts that statute provides no authority for "other assessments."

In response, the state concedes the error. We agree with and accept the state's concession. *State v. Martinez*, 347 Or App 273, 279, 587 P3d 428 (2026) (trial court lacked statutory authority to impose "other assessments" for the first time in the judgment).

Further, the state asserts that *Martinez* requires this court to remand for entry of an amended judgment and otherwise affirm. We agree with the state that remand for entry of an amended judgment is the appropriate remedy in this case. *Id.* at 280 (concluding that when "the only error was the inclusion of terms in the judgment that the trial court had no authority to impose, the appropriate remedy is to remand with instructions to delete the erroneous terms from the judgment" (brackets and internal quotation marks omitted)).

We therefore reverse the portion of the judgments related to adding assessments to the total amount owed by defendant and remand to the trial court for entry of amended judgments deleting the words "and other assessments" and "and assessments."

Reversed and remanded for entry of amended judgments; otherwise affirmed.